## UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

AMISHA BAKER,

  Plaintiff,

                              CASE NO.:

v.                         **JURY TRIAL DEMANDED**

EXPERIAN INFORMATION
SOLUTIONS, INC. and EQUIFAX
INFORMATION SERVICES, LLC,

  Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMISHA BAKER (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter "Experian") and EQUIFAX INFORMATION SERVICES, LLC, (hereinafter "Equifax"), (collectively, hereinafter "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), TransUnion, LLC ("TransUnion")

and Experian Information Solutions, LLC ("Experian").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian and TransUnion are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities such as Southwest Credit (herein after "Furnishers" particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6.     Jurisdiction and venue for purposes of this account are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involved violations of the FCRA. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

7.     The Plaintiff is a natural person and resident of Craighead County, in the State of Arkansas. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).  Venue is proper as Defendant, Equifax is headquartered within this District and Experian is authorized to do business within this District.

8.     Experian is a corporation headquartered in the State of California, authorized to conduct business in the State of Georgia through their registered agent, C T Corporation System located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

9.     Experian is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

10.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

11.     Equifax is a corporation headquartered in the State of Georgia, doing business through their Registered Agent, Lisa Stockard, located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

12.      Equifax is a "consumer reporting agency," as defined in 15 USC §

1681(f).   is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

13.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

### *Experian Allegations:*

14.    In 2019, Plaintiff reviewed her credit report where she noticed mistaken information was in fact being reported. There were five (5) erroneous accounts that were associated to her name that she did not have knowledge of and never gave anyone permission to open or run.

15.    On January 31, 2020, Plaintiff mailed her detailed dispute letter to Experian by certified mail.

16.    Plaintiff detailed each disputed account and explained that she had not authorized these accounts to be opened and/or used. Plaintiff disputed the five (5) erroneous accounts:

      I.      Apollo/Univ of Phoenix 905051XXXX

      II.      ARS Account Resolutions 867933XX

      III.      Credit One Bank 444796XXXXXXXXXX

      IV.      Santander/Chrysler Cap 300001XXXXXXXXXXX

      V.      U.S. Department of Education 2529XXXX

17.     Some of the accounts were past due or in collections and had severely hurt her credit.

18.     Plaintiff did not hear back from Experian regarding her disputes, violating 1681i(a)(6)(A).

19.     In further attempts to correct her credit report and with no response of reassurance the issues were fixed, on June 8, 2020, Plaintiff mailed another detailed dispute letter to Experian by certified mail which was received on June 16, 2020. This dispute letter included details regarding the previous failure to address Plaintiff's first dispute of several accounts. Plaintiff made sure to include a copy of her Driver License, Social Security Card, and her Lease Agreement to prove her identity.

20.     On June 22, 2020, Experian responded to Plaintiff's second dispute (report number 0389-3783-40) leaving U.S. Department of Education on her credit report and not mentioning the additional four (4) accounts she had disputed. Plaintiff believes Experian had mixed her file with her sister and at some unknown time (after she reviewed her credit report in 2019), Experian removed her sister's negative accounts from Plaintiff's credit report.

21.     On June 24, 2020, Experian responded online to Plaintiff's dispute (report number 0389-3783-40), again showing the erroneous account for the U.S. Department of Education.

22.     Experian was notified of the extensive fraud or mistakes within Plaintiff's report, yet failed to independently conduct any investigation. Plaintiff had provided her cellphone number, email address and requested Experian communicate

any issues to help resolve the mistakes.  Experian failed to contact Plaintiff and simply relied on the Furnishers' responses knowing they had made several previous mistakes on Plaintiff's file.  Upon information and belief, Experian notified the Furnishers of Plaintiff's dispute of the accounts but clearly failed to do any independent investigation of their own.

23.    To date, Plaintiff believes Experian has kept at least one erroneous account on Plaintiff's credit report despite being notified by Plaintiff that Plaintiff was not the debtor and a victim of a mixed file, negligence and/or identity theft.

24.    Experian failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error. Plaintiff has previously disputed these fraudulent or mistaken accounts with both the Furnishers and Experian.

25.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Monies lost by attempting to fix her credit;

     ii.    Loss of time attempting to cure the errors; Plaintiff has spent an incredible amount of times communicating with the furnishers and with Experian and has been unable to get the errors corrected.

     iii.    Mental anguish, stress, aggravation, embarrassment and other related impairments to the enjoyment of life.

     iv.    Her credit score has significantly decreased.  Experian has allowed the Furnishers to continue to report collections accounts, "charged off" amounts and late payments.

26.    All conditions precedent to the filing of this action have occurred.

***Equifax Allegations:***

27.   in 2019, Plaintiff reviewed her Equifax credit report where she noticed misleading information was in fact being reported. There were five (5) erroneous accounts that were associated to her name that she did not have knowledge of and never gave anyone permission to open or run.

28.   On January 31, 2020, Plaintiff mailed her detailed dispute letter to Equifax by certified mail.  Plaintiff's letter was very detailed and explained she had a twin sister and Equifax was likely mixing their files.   Plaintiff included a copy of her driver's license, Social Security Card and her lease.

29.   Plaintiff detailed each disputed account and explained that she had not authorized these accounts to be opened and/or used. Plaintiff disputed the five (5) erroneous accounts:

VI.   Apollo/Univ of Phoenix 905051XXXX

VII.   ARS Account Resolutions 867933XX

VIII.   Credit One Bank 444796XXXXXXXXXX

IX.   Santander/Chrysler Cap 300001XXXXXXXXXXX

X.   U.S. Department of Education 2529XXXX

30.   Some of the accounts were past due or in collections and had severely hurt her credit.

31.   On February 9, 2020, Equifax requested Plaintiff send additional identifying information. Plaintiff had provided images to the same information being requested by Equifax.  Equifax violated 15 U.S.C. 1681i(a)(6)(A) by failing to re-

investigate the dispute and simply requesting the information already provided.

32.    On February 25, 2020, Plaintiff mailed a second dispute to Equifax to include the additional identifying information; Driver's License, Social Security Card, and Lease Agreement for her address.

33.    Plaintiff did not hear back again from Equifax regarding her disputes, violating 1681i(a)(6)(A).

34.    In further attempts to correct her credit report and with no response of reassurance the issues were fixed, on June 8, 2020, Plaintiff mailed another detailed dispute letter to Equifax by certified mail. This dispute letter included details regarding the previous failure to address Plaintiff's first dispute of several accounts. Plaintiff made sure to include a copy of her Driver License, Social Security Card, and her Lease Agreement to prove her identity.

35.    On June 26, 2020, Equifax responded to Plaintiff's dispute (0166028341) stating:

      I.      Apollo/Univ of Phoenix 905051 – Not Reporting

      II.      ARS Account Resolutions 867933 – Not Reporting

      III.      Credit One Bank 444796 – Not Reporting

      IV.      Santander/Chrysler Cap 300001 – Not Reporting

      V.      U.S. Department of Education 2529 – Verified

36.    Equifax was notified of the extensive fraud or mistakes within Plaintiff's report, yet failed to independently conduct any investigation. Plaintiff had provided her cellphone number; email address and requested Equifax communicate any issues

to help resolve the mistakes.  Equifax failed to contact Plaintiff and simply relied on the Furnishers' responses knowing they had made several previous mistakes on Plaintiff's file.  Upon information and belief, Equifax notified the Furnishers of Plaintiff's dispute of the accounts but clearly failed to do any independent investigation of their own.

37.  To date, Plaintiff believes Equifax has kept at least one erroneous account on Plaintiff's credit report despite being notified by Plaintiff that Plaintiff was not the debtor and a victim of a mixed file, negligence and/or identity theft.

38.  Equifax failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error. Plaintiff has previously disputed these fraudulent or mistaken accounts with both the Furnishers and Equifax.

39.  As a result of the inaccurate credit reporting by Experian and Equifax, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit;

    ii.    Loss of time attempting to cure the errors; Plaintiff has spent an incredible amount of times communicating with the furnishers and with Experian and has been unable to get the errors corrected.

    iii.    Mental anguish, stress, aggravation, embarrassment and other related impairments to the enjoyment of life.

    iv.    Her credit score has significantly decreased.  Experian has allowed the Furnishers to continue to report collections accounts, "charged off" amounts and late payments.

40.  All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

## COUNT I

**(Violation of the FCRA - As to Experian Information Solutions, Inc.)**

41.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) as if fully set out herein.

42.  Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow   reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.  Despite Plaintiff sending several disputes, Experian refused to do any independent investigation.  Experian, in an attempt to rush through its investigation, it has its agents identify a single code of the dispute and often (as in this case), omits accounts being disputed.  Such omissions deprive consumers like Plaintiff of their right to have both Experian and the Furnisher investigate the dispute.  Experian failed to respond to Plaintiff's disputes and failed to inform Plaintiff when her twin sister's accounts were finally removed.

43.  As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

44.  Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Experian failed to properly conduct any independent investigation regarding the erroneous reporting.  Experian failed to attempt to communicate or do a simple research of the evidence presented by Plaintiff.

45.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## <u>COUNT II</u>
**(Violation of the FCRA - As to Experian Information Solutions, Inc.))**

46.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully set out herein.

47.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable. Experian verified fraudulent accounts to Plaintiff without conducting any independent investigation.  Experian simply sent an ACDV to the furnishers and parroted back the incorrect verification of the fraudulent account.  Experian willfully ignored several of the disputed accounts despite being provided all the necessary information to conduct an investigation.

48.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

49.     Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.  Experian did not attempt to contact Plaintiff despite knowing there was a lot of fraud in Plaintiff's account.

50.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## <u>COUNT III</u>
### (Violation of the FCRA - As to Equifax Information Services LLC)

51.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) as if fully set out herein.

52.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow    reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning the Plaintiff.  Despite Plaintiff sending several disputes, Equifax refused to do any independent investigation.  Equifax, in an attempt to rush through its investigation, it has its agents identify a single code of the dispute and often (as in this case), omits accounts being disputed.  Such omissions deprive consumers like Plaintiff of their right to have both Equifax and the Furnisher investigate the dispute.  Plaintiff's file was mixed with her twin sister and Equifax failed to respond to Plaintiff's dispute letters.

53.     As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

54.     Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Equifax failed to properly conduct any independent investigation regarding the erroneous reporting.  Equifax failed to attempt to communicate or do a simple research of the evidence presented by Plaintiff.

55.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so

triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
### (Violation of the FCRA - As to Equifax Information Services LLC)

56.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully set out herein.

57.    Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable. Equifax verified fraudulent accounts to Plaintiff without conducting any independent investigation.  Equifax simply sent an ACDV to the furnishers and parroted back the incorrect verification of the fraudulent account.  Equifax willfully ignored several of the disputed accounts despite being provided all the necessary information to conduct an investigation.

58.    As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

59.    Equifax's conduct, action, and inaction was willful, rendering it liable

for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.  Equifax did not attempt to contact Plaintiff despite knowing there was a lot of fraud in Plaintiff's account.

60.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EQUIFAX INFORMATION SERVICE LLC, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully submitted,


*/s/ Octavio "Tav" Gomez*
Octavio "Tav" Gomez
Georgia Bar No.:617963
Florida Bar No.: 0338620
Pennsylvania Bar No.: 17963
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 983-2889
Primary Email: TGomez@ForThePeople.com
Secondary: DGagliano@ForThePeople.com
*Attorney for Plaintiff*

7